IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

CORRINE PUCCI, FORMER
WIFE,

Appellant,

v.

GARY JOHNSON, FORMER
HUSBAND,

Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-3747

_____/

Opinion filed July 25, 2016.

An appeal from the Circuit Court for Duval County.
Elizabeth Senterfitt, Judge.

Caleb D. Rowland and William M. Blume, Blume & Rowland, PLLC,
Jacksonville, for Appellant.

Beth M. Terry, Jacksonville, for Appellee.

PER CURIAM.

The former wife raises two issues in this appeal of the final judgment

dissolving the parties' marriage. We find no merit in her claim that the trial court

erred in granting the former husband's motion to enforce the parties' oral settlement agreement. However, we agree with the former wife's argument that the trial court erred by failing to distribute the marital assets identified in her motion for rehearing, which were not addressed in the settlement agreement that was subsequently incorporated into the final judgment. See § 61.075, Fla. Stat. (requiring the court to value and distribute all marital assets). Accordingly, we reverse the final judgment and remand this case to the trial court for the limited purpose of distributing any marital assets not addressed in the settlement agreement.

REVERSED and REMANDED with directions.

LEWIS, WETHERELL, and RAY, JJ., CONCUR.